**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided March 13, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2169

| | |
|---|---|
| FRED PERRY, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 06-C-101 |
| ANTONIO PEREZ, et al., | |
|     *Defendants-Appellees.* | William E. Callahan, Jr., |
| | *Magistrate Judge.* |

**O R D E R**

Fred Perry applied to the Milwaukee Housing Authority for housing benefits under section 8 of the Housing Act, 42 U.S.C. § 1437f. The Housing Authority denied his application because Perry had been arrested twice for domestic battery. After an informal review at which Perry had the opportunity to explain why his application should not have

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

been denied, the hearing officer upheld the Housing Authority's decision.  Perry then filed suit in federal court against the city of Milwaukee, the hearing officer, the representative who advocated for the Housing Authority at the review hearing, and another employee of the Housing Authority.  The magistrate judge, hearing the case by consent of the parties, construed Perry's amended complaint as requesting judicial review of the Housing Authority's decision and bringing a claim against all defendants under 42 U.S.C. § 1983 for violating his right to due process.  The defendants filed and served their answer to the amended complaint on August 9, 2006.  They then moved for summary judgment, which the magistrate judge granted.  Perry appeals.

In his opening brief on appeal, Perry does not take issue with any of the grounds on which the court granted summary judgment.  Instead, he argues for the first time that the court should have entered a default judgment against the defendants because, he insists, three of the defendants failed to answer the amended complaint in the time required by Federal Rule of Civil Procedure 12(a)(1)(A).  His assertions are not supported by the record because all four defendants answered the complaint within 20 days after the date Perry says they were served.  *See* FED. R. CIV. P. 12(a)(1)(A).  But his real problem is that we will not entertain this argument because he did not move for a default judgment or otherwise raise the issue in the district court.  *See, e.g., Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, No. 07-1893, 2008 WL 199841, at *2 (7th Cir. Jan. 25, 2008).  We cannot fault the district court for failing to do something Perry did not ask it to do.  *See, e.g., Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992).

Perry raises other arguments in his reply brief, but none disputes the district court's reasons for granting summary judgment.  Furthermore, as we have said many times, we will not consider arguments an appellant fails to raise in the opening brief.  *See TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630-31 (7th Cir. 2007).

                                                                                                    AFFIRMED.